UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL JAMES FARRELLY dba POLARCLAD GLOBAL COOLING and POLARCLAD PTY, LTD., an Australian Corporation,<br><br>                Plaintiff,<br>v.<br><br>POLARCLAD, INC., a California Corporation, CONETECH, INC., a California Corporation, and DOES ONE through TEN, Inclusive,<br><br>                Defendants. | Case No.: 11-CV-04268-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 8)** |

On August 30, 2011, Plaintiff Paul James Farrelly, doing business as Polarclad Global Cooling and Polarclad Pty, Ltd. ("Farrelly"), filed a complaint against Defendants Polarclad, Inc., Conetech, Inc. ("Conetech"), and Does 1 through 10 (collectively "Defendants"). In his first cause of action, Farrelly alleges that he is entitled to the "Cancellation of Defendant's Trademark under 15 U.S.C. §§ 1052(d), 1064."[1] On September 20, 2011, Defendants filed a motion to dismiss this cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). On November 8, 2011, the parties appeared for oral argument. Having considered the briefs and the oral argument, and for the reasons below, the motion to dismiss the first cause of action is GRANTED.

---

[1] Compl. at 8 (Docket No. 1).

1

Case No.: 11-4268
ORDER

# I. BACKGROUND

In 1991 Farrelly developed a process of insulating wine storage tanks that he called the "Polarclad Process."[2] During the same time period, Farrelly used the mark "Polarclad." Farrelly also developed the mark "Polarclad Global Cooling," which he has been using for his business since 1995 without stop, abandonment or assignment.[3] Farrelly has been conducting business in Australia and worldwide since 1990.

In December 2000, Farrelly recorded his "Polarclad Global Cooling" mark with the Australian Government IT Registration.[4] In November 2008, Farrelly registered his mark with the World Intellectual Property Organization (WIPO). Unknown to Farrelly, seven years earlier, in 2001, Conetech filed an application in the United States for the mark "Polarclad," which was subsequently cancelled by the USPTO in 2009.[5] In November 2009, Defendants filed another application with the USPTO to register the "Polarclad" mark.[6] This application is currently pending before the USPTO. No registration has issued.

# II.   LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[7] While "detailed factual allegations" are not required, a complaint must include "more than an

---

[2] *Id.* ¶ 10.

[3] *Id.* ¶¶ 11-12.

[4] *Id.* ¶ 15.

[5] *Id.* ¶ 24, Ex. J.

[6] *Id.* ¶ 25, Ex. L.

[7] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

unadorned, the-defendant-unlawfully-harmed-me accusation."[8] In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face."[9] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[11] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[12] The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[13] Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[14]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[15]

### III. DISCUSSION

**A.  DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

As a preliminary matter, the court must consider Defendants' request for judicial notice of facts detailed in two documents filed in support of Defendants' reply to Farrelly's opposition to the

---

[8] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[9] *Id*. at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id*.

[11] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[12] *See id*. at 1061.

[13] *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

[14] *See In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).

[15] *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

motion to dismiss.  Defendants make this request pursuant to Fed. R. Evid. 201, which states in pertinent part that "a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[16]  It is well established that "a court may take judicial notice of 'matters of public record.'"[17]

The first document for which judicial notice is requested is the Protocol Relating to the Madrid Agreement Concerning the International Registration of Marks ("Madrid Protocol") which was adopted on June 27, 1989.[18]  The second document is a copy of a WIPO Certificate of Registration of the "Polarclad Global Cooling" mark issued to Farrelly according to the Madrid Protocol on August 14, 2008.[19]  Both of these documents are relevant to the matter at hand since they provide important information concerning the rules and procedures for international trademark registration and identify key facts regarding Farrelly's mark.  In addition, the Madrid Protocol may be found and downloaded at WIPO's official web site.[20]  It is not subject to reasonable dispute, and Farrelly has not objected to the Protocol's accuracy.  The copy of the Certificate of Registration provided to the court also contains information that is readily obtainable through WIPO's official web site.  Although the exact copy provided to the court is not a matter of public record, the

---

[16] Fed. R. Evid. 201(b).

[17] *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *see also Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (finding judicial notice appropriate where the information was publicly available through government entities and neither party disputed the authenticity of the web sites or accuracy of the information found within).

[18] *See* Def.'s Req. Jud. Notice Ex. 1 (Docket No. 18).

[19] *See id.* Ex. 2.

[20] Protocol Relating to the Madrid Agreement Concerning the International Registration of Marks, http://www.wipo.int/madrid/en/legal_texts/trtdocs_wo016.html.

information found within may be verified through a simple search using WIPO's trademark database.[21]

The facts provided to this court through these two documents are both relevant to the dispute and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[22] Defendants' request for judicial notice is therefore GRANTED.

### B. THIS ACTION DOES NOT INVOLVE A REGISTERED MARK

Section 1119 of the Lanham Act states in pertinent part that, "[i]n any action involving a registered mark the court may determine the right to registration, [and] order the cancelation of registrations."[23] Farrelly does not dispute that the Defendants' trademark registration is only pending before the USPTO and has not been granted as of the filing of this action. Thus, the threshold issue for resolving the pending motion is whether the action nevertheless "involv[es] a registered mark" based on Farrelly's "Polarclad" mark.[24]

Farrelly notes that his "Polarclad Global Cooling" mark is registered with WIPO pursuant to the Madrid Protocol. He further explains that "[t]he United States is a party to the Madrid Protocol and the Madrid Protocol Implementation Act, 15 U.S.C. §§ 1141-1141n, provides a process for the extension of protection of internationally registered marks in the United States.[25] But "[t]he term 'registered mark' means a mark registered in the United States Patent and

---

[21] ROMARIN Simple Search, http://www.wipo.int/romarin.

[22] Fed. R. Evid. 201(b).

[23] *See* 15 U.S.C. § 1119.

[24] *See Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 707 (9th Cir. 1957); *Durox Co. v. Duron Paint Mfg. Co.*, 320 F.2d 882, 883-84, 886-87 (4th Cir. 1963); *Universal Tube & Rollform Equip. Corp. v. Youtube, Inc.*, 504 F. Supp. 2d 260, 266 (N.D. Ohio 2007).

[25] Pl.'s Opp'n to Defs.' Mot. To Dismiss (Docket No. 14) at 6.

Trademark Office under this chapter."[26]  An international registration therefore will not suffice unless it is recognized by the United States.

Under the Madrid Protocol, "[a]ny request for extension of the protection resulting from the international registration to any Contracting Party shall be specially mentioned in the international application."[27]  The language of the Madrid Protocol thus is clear that in order for a Contracting Party to the Protocol, including the United States, to provide protection to an internationally registered trademark, the party registering the trademark must designate each Contracting Party in their application.  Looking at the Certificate of Registration, it is undisputed that Farrelly's trademark was originally registered in Australia and that Farrelly further designated China and the European Community for protection.[28]  Nowhere does the Certificate indicate that the United States has been designated for further protection.

In sum, this court cannot determine the validity of Defendants' pending trademark application before the USPTO unless there is a "registered mark" in that agency to permit jurisdiction.  Because neither party has a registered mark recognized by the USPTO, Farrelly's cause of action to cancel Defendants' trademark application cannot stand.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED.  Because any amendment would prove futile, this dismissal is with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated: November 22, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[26] *See* 15 U.S.C. § 1127.

[27] Docket No. 18, Ex. 1, Madrid Protocol, Article 3*ter*, subsection (1).

[28] *See Id.* Ex. 2.